Appeal of SCHLOSS BROTHERS COM-          Docket No. 467.
          PANY.

Two corporations in which two brothers own 92.30 per cent of all the voting stock of one, and 92 per cent of all the voting stock of the other, and in which 7.70 per cent of such voting stock of one and 8 per cent of such voting stock of the other is owned by three employees of the corporations who have purchased, or have agreed to purchase, such stock and to pay for the same with the dividends which may be declared and distributed, come within the statutory definition of two corporations in which substantially all of the stock is owned or controlled by the same interests as provided in sections 240 (b) of the Revenue Act of 1918, and 1331 (b) of the Revenue Act of 1921.

Submitted January 16, 1925; decided February 10, 1925.

*J. M. Chenoweth, Esq.*, and *Paul S. Ragan, C. P. A.*, for the taxpayer.

*Laurence Graves, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

This is an appeal from a Commissioner's deficiency letter based upon an audit of the income and profits tax returns of Schloss Brothers Company of Indianapolis, Ind., and Schloss Brothers Company of Monmouth, Ill., in which the Commissioner consolidated the returns of said companies and computed the deficiencies upon the basis of a consolidated return. The result of the audit was as follows:

For one month ending January 31, 1917, overassessment_____     $9. 31
For the fiscal year ending January 31, 1918, deficiency_____     812. 61
For the fiscal year ending January 31, 1919, deficiency_____     1, 679. 33

The appeal was argued and submitted upon stipulations of facts agreed to by counsel for the taxpayer and the Commissioner, from which the Board makes the following

### FINDINGS OF FACT.

Schloss Brothers Company of Indianapolis, Ind., is an Indiana corporation with its principal place of business located at Indianapolis, Ind.

Schloss Brothers Company of Monmouth, Ill., is an Illinois corporation with its principal place of business located at Monmouth, Ill.

The common stock of Schloss Brothers Company of Indianapolis, Ind., and Schloss Brothers Company of Monmouth, Ill., was held by the following stockholders during the fiscal years ended January 31, 1918, and January 31, 1919.

| Stockholder's name. | Per cent of common stock held in— | |
|---|---|---|
| | Indiana company. | Illinois company. |
| Sol Schloss_____ | 46. 15 | 46. |
| Eli Schloss_____ | 46. 15 | 46. |
| Sam F. Fisher_____ | | 5. 50 |
| John Donaldson_____ | | 2. 50 |
| John Kirkwood_____ | 7. 70 | |
| Total_____ | 100 | 100 |

The above-named Fisher, Donaldson, and Kirkwood were, during the years 1917 to 1919, inclusive, employees of the respective corporations named and had purchased or agreed to purchase the shares issued to them and to pay the purchase price by having credited against them any amounts distributed as dividends upon such shares.

The preferred stock of Schloss Brothers Company of Indianapolis, Ind., and Schloss Brothers Company of Monmouth, Ill., has no voting power.

There were no inter-company transactions between Schloss Brothers Company of Indianapolis, Ind., and Schloss Brothers Company

of Monmouth, Ill., during the fiscal years ended January 31, 1918, and January 31, 1919, each corporation being conducted as a separate and distinct business activity.

Schloss Brothers Company of Indianapolis, Ind., and Schloss Brothers Company of Monmouth, Ill., each filed separate income and profits tax returns for each of the fiscal years ended January 31, 1918, and January 31, 1919.

In separate letters dated August 30, 1924, each bearing reference, IT : CR : D–HEC, the Commissioner notified Schloss Brothers Company, of Indianapolis, Ind., and Schloss Brothers Company, of Monmouth, Ill., of the deficiencies in the income and profits tax of each for the fiscal years ended January 31, 1918, and January 31, 1919. Said deficiencies result in part from computing the tax liability in each instance on the basis of consolidated returns.

DECISION.

The deficiencies as determined by the Commissioner are approved.

OPINION.

TRUSSELL: This appeal involves the question as to whether two corporations, both carrying on a retail clothing business, one at Indianapolis, Ind., and the other at Monmouth, Ill., were affiliated and, therefore, subject to income and profits taxes during the periods from January 1, 1917, to January 31, 1919, computed upon the basis of consolidated returns. The Commissioner has asserted that such affiliation exists and the taxpayers are denying and contesting the Commissioner's position.

The alleged deficiencies involve taxes computable under the laws relating to the calendar years 1917, 1918, and 1919. The statute relating to 1917 is section 1331 of the Revenue Act of 1921, the relevant portion of which is as follows:

(a) That Title II of the Revenue Act of 1917 *shall* be construed to impose the taxes therein mentioned upon the basis of consolidated returns of net income and invested capital in the case of domestic corporations and domestic partnerships that were affiliated during the calendar year 1917.

(b) For the purpose of this section a corporation or partnership was affiliated with one or more corporations or partnerships * * * (2) when substantially all of the stock of two or more corporations or the business of two or more partnerships was owned by the same interests.

and the statute governing the years 1918 and 1919 is section 240 of the Revenue Act of 1918, the relevant portion of which is as follows:

(a) That corporations which are affiliated within the meaning of this section, *shall*, under regulations to be prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income and invested capital for the purposes of this title and Title III, and the taxes thereunder shall be computed and determined upon the basis of such return * * * (b) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated * * * (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.

From the provisions of these two acts it appears that the one question for determination is whether substantially all of the stock of these two corporations was, during the periods under considera-

tion, owned or controlled by the same interests. All the facts concerning the ownership of the stock are clearly defined in the foregoing findings of fact and we have now only to inquire whether the ownership as shown can be held to be an ownership or control by the *same interests*.

It appears from the record that Sol and Eli Schloss promoted and organized these two corporations and established the business carried on by them. In organizing such businesses they selected employees at each of the two stores to whom they offered the privilege of undertaking to purchase a small number of shares of stock of the respective stores, and two of such employees at the Monmouth store and one at the Indianapolis store bought, or agreed to buy, a small number of shares with the understanding that they could pay for the same by having such dividends as might be earned by such shares credited upon the purchase price thereof. This arrangement between the promoters of the enterprise and their employees served to give such employees a stake in the business and to bring them into close association with the principal owners and thus to become identified with the management of the businesses. Such association, in a closely owned business like the instant case, brings these employee stockholders into such a relation with the principal owners that their interest is a negligible one, compared with that of the principal owners. Under these circumstances, substantially all the stock of the corporations in all of the years in question was owned by Sol and Eli Schloss.

It has been argued in behalf of these taxpayers that the two stores were operated entirely independent of each other and in no sense as a single business unit and it must be taken for granted that the record in this case does not contain any evidence of intercompany transactions or relations between the two stores other than that they are owned, operated, and controlled by the same stockholders. The Revenue Acts of 1918 and 1921, however, use the imperative, saying in substance that when the stock of two or more corporations is owned by the same interests the tax *shall* be levied upon the basis of consolidated returns. Thus, having arrived at the conclusion that the five stockholders of these two corporations are so closely associated and their interests are so nearly identical that they must be held to be a group coming within the meaning of the *same interests*, we are compelled to find that under the 1918 and 1921 acts the tax must be computed upon the basis of a consolidated return.